## BARBER v KIHLKEN, Admr

Ohio Appeals, 6th Dist, Lucas Co

No 2952.   Decided July 11, 1934

Willis C. Knisely, Toledo, Robert Meffley, Toledo, and Chester A. Meck, Toledo, for plaintiff in error.

Fraser, Hiett, Wall & Effler, Toledo, for defendant in error.

## OPINION

By WILLIAMS, J.

It is contended that the two-issue rule applies and therefore the error pointed out in the opinion with reference to the charge

is not prejudicial. When the whole charge is read, we think it is apparent that the two-issue rule could not in any event apply in the case at bar. However that may be, we are confronted with the opinion of the Supreme Court in Cleveland Railway Co. v Masterson, 126 Oh St, 42. On page 53 there is significant comment regarding Sites v Haverstick, 23 Oh St, 626, and cognate cases in which the two-issue rule is laid down. The verdict in the instant case reads as follows:

"We, the jury impanelled in the above entitled action, the undersigned members concurring therein, for verdict find and say that we find for the defendant."

As there is no recital therein to the effect that the jury found the issues in favor of the defendant, the verdict may have been based solely upon the ground that the plaintiff was guilty of contributory negligence. Under such circumstances how could the two-issue rule apply?

It is further contended that this court should certify the record because the decision is in conflict with a decision of another Court of Appeals and in fact many decisions of Appellate Courts are cited as being in conflict with the decision in the instant case. We find that the decision of this court is in conflict with the decision in Hopkins v Kissinger, 31 Oh Ap, 229. It might be observed, in explanation of the decision in Hopkins v Kissinger, that the refinements of the doctrine of negligence per se under the recent pronouncements of the Supreme Court, which are referred to in the original opinion in this case, were not before the court when Hopkins v Kissinger was decided.

Application for rehearing denied and motion to certify on the ground of conflict sustained.

RICHARDS and LLOYD, JJ, concur.